OREST V. MARESCA et al., Respondents, v MARIO CUOMO, as Governor of the State of New York, et al., Appellants.

First Department, December 28, 1984

**APPEARANCES OF COUNSEL**

*Joseph O. Giaimo* of counsel (*Giaimo & Vreeburg,* attorneys), for respondents.

*Lewis R. Friedman* of counsel (*Nicholas J. Miglino,* attorney), for Charles E. Ramos, appellant.

*Dudley Gaffin* and *Morton S. Minsley* of counsel (*Gaffin & Mayo, P. C.*, attorneys), for Seymour Gerschwer, appellant.

*Arnold D. Fleischer, Robert Hermann, O. Peter Sherwood* and *Howard L. Zwickel* of counsel (*Robert Abrams, Attorney-General,* attorney), for Mario Cuomo and others, appellants.

*John Eiseman* and *Barbara Zahler-Gringer* of counsel (*Michael Colodner,* attorney), for Office of Court Administration, appellant.

*Emilio Nunez* for Phyllis Gangael Jacob, intervenor.

### OPINION OF THE COURT

*Per Curiam.*

In this action involving mandatory retirement of Judges at age 70, defendant State officials appeal from an order of the Supreme Court, New York County (Wright, J.), entered December 20, 1984 which, *inter alia,* (1) granted plaintiffs' motion for a preliminary injunction, (2) denied the cross motion to dismiss, (3) enjoined the defendants from retiring the plaintiffs before the termination of their judicial offices expired and (4) directed the plaintiffs, who are 70 years of age, to continue their work as Judges, and to stay on the Office of Court Administration payroll.

This action is, in the terms of Justice Wright, a "frontal assault" on the State constitutional and statutory requirements that Judges of the State retire at age 70. The challenge is based on the United States Constitution's Fourteenth Amendment — both the equal protection of the laws and the due process clauses therein.

It appears that all but one of the judicial plaintiffs, Orest Maresca, Sidney Rosen, Jose Ramos-Lopez and Michael Wollin, are Judges of the Civil Court in New York City and attained the age of 70 in 1984. Consequently, by the challenged provisions, they will be required to retire at the end of the year. The fifth plaintiff, William Brennan, a Justice of the Supreme Court in Queens, will only attain 70 years in 1986.

The order to show cause instituting the present action was signed November 19, 1984 and sought a preliminary injunction against the plaintiffs being required to retire at age 70. The State defendants, other than the Office of Court Administration, moved to dismiss the complaint for failure to state a cause of action.

Justice Wright granted plaintiffs' motion, and denied defendants' cross motion. He found that the New York State constitutional provision (art VI, § 25, subd b) requiring mandatory

retirement of Judges in the year they reach age 70, violated both the due process and equal protection clauses of the Fourteenth Amendment. Also held in violation was the corresponding provision of section 23 of the Judiciary Law implementing the retirement requirement. Both were deemed invalid under the Federal constitutional provisions because the plaintiffs or Judges would be discharged without evidence of diminished ability to serve in their offices. The court rejected the arguments of defendants that the plaintiffs had delayed too long in presenting the challenge. Mandatory judicial retirement at age 70 in New York was seen as a prohibited discrimination.

Justice Wright distinguished *Rubino v Ghezzi* (512 F2d 431, cert den 423 US 891) which upheld mandatory retirement for New York Judges. He felt that the decision was "clinging" to an outdated concept. Further, he noted that there was a public interest in continuing able Judges beyond the specified retirement age. Accordingly, a preliminary injunction was granted on the grounds that there was irreparable harm threatening the plaintiffs, and a balancing of equities weighed in their favor. In sum, the court rejected a blanket disqualification based on age alone.

The issue on appeal is simply whether mandatory retirement for certain State court Judges in New York at age 70 violates either the due process or equal protection clauses of the Fourteenth Amendment to the United States Constitution.

The basic retirement provision here is section 25 (subd b) of article VI of the New York State Constitution which reads in full: "b. Each judge of the court of appeals, justice of the supreme court, judge of the court of claims, judge of the county court, judge of the surrogate's court, judge of the family court, judge of a court for the city of New York established pursuant to section fifteen of this article and judge of the district court shall retire on the last day of December in the year in which he reaches the age of seventy. Each such former judge of the court of appeals and justice of the supreme court may thereafter perform the duties of a justice of the supreme court, with power to hear and determine actions and proceedings, provided, however, that it shall be certificated in the manner provided by law that the services of such judge or justice are necessary to expedite the business of the court and that he is mentally and physically able and competent to perform the full duties of such office. Any such certification shall be valid for a term of two years and may be extended as provided by law for additional terms of two years. A retired judge or justice shall serve no longer than until the last

day of December in the year in which he reaches the age of seventy-six. A retired judge or justice shall be subject to assignment by the appellate division of the supreme court of the judicial department of his residence. Any retired justice of the supreme court who had been designated to and served as a justice of any appellate division immediately preceding his reaching the age of seventy shall be eligible for designation by the governor as a temporary or additional justice of the appellate division. A retired judge or justice shall not be counted in determining the number of justices in a judicial district for purposes of section six subdivision d of this article."

Section 23 of the Judiciary Law tracks the State Constitution and implements it. In *Rubino v Ghezzi* (*supra*) the same constitutional and statutory provisions were considered and an attack on their constitutionality was rejected. That court, considering the Federal Constitution, found no violation of the due process or the equal protection clause. It saw no substantial constitutional issue and affirmed the dismissal of the complaint by a single Federal Judge, rather than convening the then (constitutional) three-Judge Federal District Court. The Second Circuit stated that "the issue of age restrictions upon the term of office of state judges is properly one for the legislative or electoral processes of the State of New York and that the effort to clothe it in constitutional garb is frivolous" (512 F2d, at p 433). The decision in *Rubino* was based on several United States Supreme Court decisions, particularly *McIlvaine v Pennsylvania* (415 US 986; see, also, *Weisbrod v Lynn,* 383 F Supp 933, affd 420 US 940).

We agree with the holding and reasoning of the *Rubino* decision (*supra*). *Rubino* has never been overruled, and has been cited with approval. Of course, New York courts can invoke greater protection than just that found in the Federal Constitution, using similar or indeed the exact language of the State Constitution. (*Cooper v Morin,* 49 NY2d 69, 79.) However, this is obviously not applicable to the present case where a provision of the State Constitution itself is involved and itself specifies the challenged retirement age. The "irrebuttable presumption" argument of the plaintiffs — assuming unfitness of all Judges at 70 — was considered in *Rubino* (512 F2d, at p 433, n) and rejected.

Further support for upholding mandatory retirement at age 70 for Judges can be found in *Malmed v Thornburgh* (621 F2d 565, cert den 449 US 955). That Federal Appeals Court upheld the Pennsylvania provision providing for mandatory retirement

at age 70 of State court Judges as promoting several desirable policies and also rejected the "irrebuttable presumption" argument (*supra,* p 573 *et seq.*). The *Malmed* decision saw the reasons for the retirement system as fourfold (*supra,* at p 572):

"First, by utilizing senior judges in part-time post-retirement service, the mandatory retirement plan substantially increases judicial manpower by bringing in younger judges while retaining the part-time services of willing and able retired judges. The legislative interest in reducing court congestion is certainly a legitimate state interest * * *

"The second reason, that mandatory retirement eliminates the unpleasantness of selectively removing aged and disabled judges, and the third reason, that prevention of harm by a few senile judges more than offsets loss of judges who retain full powers past normal age, may be considered together * * * In addition, the convention could rationally place a premium on avoiding the unpleasantness and public humiliation associated with individual removal * * *

"Fourth, the provision conforms to the recommendations of the American Bar Association, the Pennsylvania Bar Association, and the National League of Cities, and corresponds with the current trend toward mandatory retirement at seventy in other public and private employment."

While the above considerations were specifically addressed at the Pennsylvania Constitutional Convention adopting the challenged provision there, there is no reason not to apply them (insofar as relevant) to the similar New York constitutional provision. They need not have been specifically mentioned in the legislative history or background. The Pennsylvania rationale is as valid for New York, as if it had been expressed by or to the New York State Constitutional Convention. Accordingly, it is quite clear that there is a rational basis for the classification contained in the provisions under attack, and that is all that is legally required to uphold them. (Strict scrutiny, or a suspect classification is not involved — such as race.)

In sum, there have been many challenges to mandatory retirement of Judges at age 70, but all have been unsuccessful. (See, generally, Retirement Based on Age, Ann., 81 ALR3d 811, 828-830, § 5 [Judges].)

Finally, it should be recognized that the State Constitution's article VI (§ 25, subd b) provision for two-year certifications of Supreme Court Justices at age 70 and above, is not involved in the present action. This exception to absolute retirement was given by Justice Wright as an example of the supposed

irrationality of the State policy here. In this regard, there is nearly unfettered discretion in State officials in determining whether to grant the application of a retired Justice for additional service. (*Matter of Marro v Bartlett,* 46 NY2d 674.) New York can rationally determine that the service of higher court jurists is more valuable than that of those in courts of limited jurisdiction. (*Williamson v Lee Opt. Co.,* 348 US 483, 489.) Pennsylvania uses a variation of this by providing for part-time service from senior Judges (*Malmed v Thornburgh,* 621 F2d, at p 572). Finally, similar to New York, a Utah statute requiring trial Judges to retire at age 70, and State Supreme Court Justices at 72, was upheld in *Nelson v Miller* (25 Utah 2d 277).

Accordingly, the order of the Supreme Court, New York County (Wright, J.), entered on December 20, 1984 should be reversed, on the law, without costs, the motion for preliminary injunction should be denied and the cross motion to dismiss the complaint granted.

MURPHY, P. J., SANDLER, ROSS, ASCH and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on December 20, 1984, unanimously reversed, on the law, without costs and without disbursements, the motion for preliminary injunction and related relief denied, and the cross motion to dismiss the complaint granted. The motion to vacate the statutory stay is denied; the motion for class action status and related relief is denied; the application for leave to intervene on behalf of Jacob is granted; and the application for leave to intervene on behalf of Kaplan, Darrigrand and Mainzer is denied.