KAREN R. BAKER, Justice, concurring. I agree with the majority’s opinion and analysis regarding Circuit Judge Michael Lander’s petition for declaratory judgment and I join it.[1] I write separately to address issues raised in the dissenting opinions. While I appreciate that everyone has different experiences that, at least to some extent, 11flmay color the lens through which we see any given situation, our personal opinions and beliefs cannot be substituted for the law. In announcing his retirement from the bench, Justice Danielson, in a public statement, said that if not for the statute at issue in this case “prohibiting [him] from seeking re-election without forfeiting [his] retirement benefits, [he] would continue to seek re-election as long as the good people of this State would have [him].” Clearly, Justice Danielson feels aggrieved by the statute we are tasked with ruling on in this case, which may explain the tone of his dissenting opinion. Currently, thirty-three states have a mandatory judicial-retirement age, Arkansas is not among those states.[2] Campaigns have been mounted in recent years, in many of those thirty-three states, attempting to lift or raise the mandatory age through referendum or legislation, but almost all have failed. Over the last ten years, in Arizona, Hawaii, Louisiana, New York, and Ohio, attempts to lift or repeal mandatory retirement age for judges were unsuccessful. For the most part, where such efforts have succeeded it has been not to increase or repeal the mandatory retirement ages, but instead to let judges who have reached the mandatory retirement age serve out their existing terms. This was the case in Louisiana in 2003 and Texas in 2007. In Pennsylvania in 2001, a measure passed to allow judges to serve until the end of the year in which they turned seventy. However, in April of this year, voters in Pennsylvania rejected a constitutional amendment that would have raised that Lnstate’s mandatory judicial-retirement age from seventy to seventy-five.[3] In most states, a judge must retire from the bench immediately upon attaining the mandatory retirement age. In the 2015 legislative session in Arkansas, an attempt to raise the age at which a judge could run to take office without the loss of retirement benefits from the current age seventy to age seventy-two was rejected by the legislature. Previous attempts to raise or remove the age at which Arkansas judges must retire or lose their judicial-retirement benefits have likewise failed. Legal challenges to mandatory judicial-retirement ages have also been mounted in many states alleging age discrimination, equal-protection violations, and due-process violations that mirror the arguments made for reversal in this case. These challenges have universally failed.[4] The United States Supreme Court addressed the issue twenty-five years ago in Gregory v. Ashcroft, 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991), holding that mandatory judicial retirement does not violate the Equal Protection Clause and is constitutional. Chief Justice Brill’s dissenting opinion states: The reality of the judicial-retirement system reveals the flawed nature of the false choice. The result is confiscatory. It harshly penalizes those judges who wish to exercise their right to run for office again and to continue to serve. Ja---- As for Judge Landers, when he is old and gray and full of sleep, and nodding by the fire, he can take down the decision of this court, and slowly read how he was forced to leave the bench and how the wishes of the citizens of six Arkansas counties were ignored. First, I must disagree with Chief Justice Brill’s contention that this statute “harshly penalizes” judges, and note that every sitting judge in Arkansas should have been aware of this law when they made the decision to seek judicial office. A judge’s property interest in his or her retirement is limited by the condition that he or she be retired upon completion of the term in which he or she reaches age 70, precluding any claim that the statutory provision is confiscatory or that it violates procedural due process. See Lerner, 972 F.Supp.2d 676 (upholding state constitutional provision requiring judges to retire at age 70 as rationally related to ensuring a well-functioning state judiciary). Second, Judge Landers is not being forced to leave the bench. Instead, Judge Landers has a choice to make. He can assume the office in 2017 and continue to serve for six years at his current salary of $160,000 at the end of which he can, if he chooses, run for judicial office again; or, he can retire at the end of December 2016 and draw the judicial-retirement benefit he has accrued during twelve years as a circuit court judge — approximately $61,440 annually for life. This is not a “Hobson’s choice.”[5] Despite the tone of the dissenting opinions, the issue presented in this case is clear. At issue is what the people of Arkansas through their elected representatives have | ¡.^determined is the correct public policy for this state, and whether the circuit court erred in finding that the policy, embodied in Arkansas Code Annotated sections 24-8-215(c) and 24-8-710(b) (Repl.2014), does not violate our state constitution. The circuit court did not err. . I would affirm the circuit court’s decision as to the remaining appellants on the alternative basis that, because the court reached the right result as to the remaining appellants, with the exception of Judge Landers, the appellants clearly lacked standing to bring this action. . Judicial retirement in Arkansas is not mandatory, there is no age limit on service as a judge. States with no maximum age include: Arkansas, California, Delaware, Georgia, Idaho, Indiana, Kentucky, Maine, Mississippi, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Rhode Island, Tennessee, West Virginia, and Wisconsin. . This vote did not count and the issue will be on the ballot once again this November. . See Lerner v. Corbett, 972 F.Supp.2d 676 (M.D.Pa.2013); Zielasko v. Ohio, 693 F.Supp. 577 (N.D.Ohio 1988) (upholding state constitutional provision precluding election or appointment of any judge beyond the age of 70); State ex rel. Keefe v. Eyrich, 22 Ohio St.3d 164, 489 N.E.2d 259 (1986) (constitutional provision that persons 70 years of age or older could not be elected to judicial office did not violate seventy-year-old candidate's equal-protection rights); Maresca v. Cuomo, 105 A.D.2d 193, 483 N.Y.S.2d 690 (N.Y.1984) (upholding state constitutional provision requiring mandatory retirement of judges in the year they reach age 70; provision was supported by a rational basis and offended neither- due process nor equal protection); O’Neil v. Baine, 568 S.W.2d 761 (Mo.1978) (upholding mandatory retirement of state magistrate and probate judges at age 70). . A "Hobson’s choice” is defined as an apparent freedom to take or reject something offered when in actual fact no such freedom exists. Webster’s Third New International Dictionary 1076 (1993).