■ In the Matter of the Claim of MARION E. COBLE, Respondent, against REMINGTON RAND, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of disability compensation for injuries found to have resulted from claimant's employment. Claimant was employed as a plating room racker by the employer which was engaged in the manufacture of business machines. It was found by the board that on two occasions, February 5 and February 10, 1951, claimant picked up metal racks which were wet with sulphuric and nitric acid, and as a result she suffered second degree acid burns on both hands. The board further found that the condition of both hands was complicated thereafter by frequent washing of her hands with soaps, as a result of which she became disabled from a subacute eczematized dermatitis of the hands. Appellant objects to the award, first upon the ground that written notice of the injuries was not given to the employer within the time prescribed by statute (Workmen's Compen-

sation Law, §§ 18, 28). The board excused this failure because the employer had actual knowledge of the injuries within the time prescribed by statute and also waived the notice by providing medical treatment. There is substantial evidence to sustain this finding. Moreover appellant did not raise the issue of failure to file a written claim at the first hearing at which all parties in interest were present. On that occasion appellant merely asserted that the claim was controverted and this blanket objection did not comply with requirements of the statute. Hence the board could find that the failure to file the claim was waived. Appellant's second objection to the award is based on the assertion that no evidence existed to indicate causal relation between any dermatitic condition and claimant's employment. In this connection appellant points out that at no time did claimant testify that she frequently washed her hands with soap. We think however that such a finding could be legitimately inferred from the medical reports given and other circumstances. The testimony of claimant and of that given by the physician who testified in her favor was of sufficient substance to sustain the finding of accident and causal relation. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.