OPINION OF THE COURT
Jones, J.
In the exercise of its responsibility to act on applications of former Supreme Court Justices for certification for additional judicial service beyond retirement at age 70, the Administrative Board of the Judicial Conference has nearly unfettered discretion which is not subject to judicial review in the absence of claims of substance that there has been a violation of constitutional or statutory prescription unrelated to the certification process itself.
After having served as a Judge of the Civil Court of the City of New York, appellant served for six months as an acting Supreme Court Justice pursuant to designation by the Appellate Division, First Department. He was then elected a Justice of the Supreme Court in the First Judicial Department in November, 1973 to a 14-year term of office to begin January 1, 1974. In consequence of his attaining the age of 70 years in March, 1977, however, he was retired as of December 31 of that year pursuant to constitutional mandate (NY Const, art VI, § 25, subd b).
On June 24, 1977, respondent State Administrative Judge informed appellant of his eligibility to apply for certification for a further two-year term as a retired Justice of the Supreme Court, effective January 1, 1978 (NY Const, art VI, § 25, subd b; Judiciary Law, § 115). On July 7, 1977 appellant submitted his application for certification with supporting materials to the Administrative Board of the Judicial Conference.[1] On October 18, 1977 appellant requested the Administrative Board to grant him a predetermination hearing on his application. By letter dated November 29, 1977, the State Administrative Judge advised appellant that the Administrative Board had not approved his application for certification. No hearing had been held and no reasons were given for the board’s action.
On December 9, 1977 appellant instituted the present pro *678 ceeding under CPLR article 78 for an order directing the Administrative Board to certify him as a Justice of the Supreme Court pursuant to section 25 of article VI of the State Constitution and section 115 of the Judiciary Law. Supreme Court, New York County, annulled the denial of appellant’s application and directed the Administrative Board to certify appellant as a Justice of the Supreme Court for a two-year period commencing January 1, 1978 unless physical or mental disability was charged against appellant in which event the Administrative Board was directed to give him a prompt evidentiary hearing. The Appellate Division, Third Department, to which the appeal had been transferred, reversed and dismissed the petition. We now affirm.
There are two pertinent provisions, one of the Constitution and the other of statute. Article VI (§ 25, subd b) of our State Constitution provides: "b. Each judge of the court of appeals, justice of the supreme court, judge of the court of claims, judge of the county court, judge of the surrogate’s court, judge of the family court, judge of a court for the city of New York established pursuant to section fifteen of this article and judge of the district court shall retire on the last day of December in the year in which he reaches the age of seventy. Each such former judge of the court of appeals and justice of the supreme court may thereafter perform the duties of a justice of the supreme court, with power to hear and determine actions and proceedings, provided, however, that it shall be certificated in the manner provided by law that the services of such judge or justice are necessary to expedite the business of the court and that he is mentally and physically able and competent to perform the full duties of such office. Any such certification shall be valid for a term of two years and may be extended as provided by law for additional terms of two years. A retired judge or justice shall serve no longer than until the last day of December in the year in which he reaches the age of seventy-six. A retired judge or justice shall be subject to assignment by the appellate division of the supreme court of the judicial department of his residence. Any retired justice of the supreme court who had been designated to and served as a justice of any appellate division immediately preceding his reaching the age of seventy shall be eligible for designation by the governor as a temporary or additional justice of the appellate division. A retired judge or justice shall not be counted in determining the number of justices in a judicial *679 district for purposes of section six subdivision d of this article.” Subdivision 1 of section 115 of the Judiciary Law, in implementation of the constitutional provisions, provides: "1. Any justice of the supreme court, retired pursuant to subdivision b of section twenty-five of article six of the constitution, may, upon his application, be certified by the administrative board for service as a retired justice of the supreme court upon findings (a) that he has the mental and physical capacity to perform the duties of such office and (b) that his services are necessary to expedite the business of the supreme court. A copy of such certificate shall be filed with the appellate division of the department in which such retired justice resides and in the office of the secretary of state.”
In substance it is appellant’s contention that if he has the mental and physical capacity to perform the duties of the office of Justice of the Supreme Court and the Administrative Board determines that additional judicial services are necessary to expedite the business of the Supreme Court, he is entitled to automatic certification. He further advances the subsidiary procedural contentions that, under principles of constitutional due process, prior to any action on his application for certification he was entitled to an evidentiary hearing, to written findings by the Administrative Board and to a statement of the reasons for the board’s denial of his application. It should immediately be noted that the Administrative Board has never questioned appellant’s mental or physical competence, and that it has determined, at least impliedly inasmuch as other applicants were certificated, that additional judicial services are necessary to expedite the business of the Supreme Court in the First Judicial Department. It claims, however, that it may determine in its discretion which applicants to certify to meet the need for additional judicial services, and that its exercise of such discretion is not subject to judicial review in the absence of proof that its determination was contrary to law or constitutional mandate, independent of the certification process itself. We agree, and find neither such infirmity in the present instance. Indeed appellant advances no such contentions; his challenges are all to the certification process.
We are confronted with a first instance question involving the interpretation of a provision of our State Constitution and its associated, implementing statutory provision. No counter *680 parts are to be found elsewhere, and there appear to be no authorities available for our guidance.
Our consideration starts with analysis of the applicable constitutional provisions. First comes the mandate that each Justice of the Supreme Court shall retire on the last day of December in the year in which he reaches the age of 70. At that time his entitlement to serve as a Justice terminates irrespective of other considerations, and he becomes a "former justice”. Absent some further constitutional authorization he would be ineligible to serve as a Judge. Such further authorization, however, is found in the provision — "Each such former * * * justice * * * may thereafter perform the duties of a justice of the supreme court * * * provided, however, that it shall be certified”, etc. We interpret the verb, "may”, as a term of enablement but not of entitlement. Rather than connoting some form of continuation of prior judicial service, the Constitution recognizes a complete break — termination of the previous judicial status, and the inauguration by the required certification of a new judicial designation.
We turn then to the process of certification which the Constitution directs shall be made "in the manner provided by law” and shall include two component determinations — "that the services of such judge or justice are necessary to expedite the business of the court” and "that he is mentally and physically able and competent to perform the full duties of such office”. No question is raised with respect to the latter component, a more or less objective requirement, satisfaction of which will depend on individual personal examination and the expression of professional opinion based thereon. Inasmuch as this aspect of certification is not at issue in this case, it will receive no further attention.
The dispute between the parties focuses on the prescription that it be determined "that the services of such judge or justice are necessary to expedite the business of the court” and on the procedure by which that determination shall be made. At the outset we observe that the standard is "the services of such judge or justice” not the services of a Judge or Justice. Thus, there must be a two-pronged determination— that there is a need for additional judicial manpower and that the individual applicant can meet this need at least in part. An individualized evaluation is contemplated, focused more decisively on the applicant than on the need for judicial services.
*681 It becomes appropriate then to look to the statutory implementation of the constitutional provision. For all material purposes section 115 of the Judiciary Law conforms to the substantive constitutional provisions with some difference of diction which no one suggests is significant. As contemplated by the Constitution it is the statute which prescribes the procedure by which the required certification shall be made. The only prescription made by the Legislature is very simple —that the certification shall be "by the administrative board”; no further particulars are specified and no procedures are detailed. In this circumstance, inasmuch as the function of the certification is that of an initiatory action, rather than that of determining a continuing entitlement, due process requirements are virtually nonexistent.
Notwithstanding that a panoply of due process rights does not attach, the question remains as to the standards to be applied by the Administrative Board in making its determinations. In view of the fact that the very essence of the responsibility of certification imports necessity to rely in large part on nonobjective evaluations of the individual Judges and that any attempt at verbalization of objective yardsticks would be inadequate, to require articulation of determination standards would be artificial. We find nothing in the plain language of Constitution or statute which suggests that the Administrative Board was expected to promulgate a set of criteria against which to measure individual applications. The adequate, conscientious discharge of the obligation of the board necessarily demands that it be vested with the very broadest authority for the exercise of responsible judgment. This is an instance in which assurance as to results must depend on the confidence reposed in the individuals making the determinations and their collective probity and wisdom rather than on any predetermination specification of the standards they are to apply or the procedural steps they must follow.
We therefore conclude that the Administrative Board of the Judicial Conference had very nearly unfettered discretion in determining whether to grant applications of former Judges for certification, a discretion which was not subject to judicial review in the absence of claims of substance that there had been violation of statutory proscription or promotion of a *682 constitutionally impermissible purpose, unrelated to the certification process.[2]
Not only is this conclusion dictated by the relevant constitutional and statutory provisions; it makes eminent theoretical and practical common sense. Designation to serve as a Justice of the Supreme Court ranks near the top in the hierarchy of governmental service, and determination whether the services of any individual former Judge are necessary to meet a need for additional judicial manpower must always involve the weighing of what must be personal if not private considerations. It would serve no sufficiently useful purpose, from the standpoint of the validity of the certification process or in the legitimate interests of the former Judges making application, to expose to public scrutiny the potentially sensitive and delicate personnel considerations which must be evaluated and resolved. In these circumstances it cannot be concluded that it was irrational or impermissible to have concluded that the public interest will be better served by relying on the integrity and collective wisdom of a carefully selected, high level certifying authority - endowed with peculiar experience and expertise — the five-member Administrative Board consisting of the Chief Judge and the Presiding Justices of the four Departments of the Appellate Division — than on the structured personnel selection procedures familiarly found at lower levels of governmental service. Indeed, although there are real differences, many of the same considerations of policy and practice which shelter the procedures preliminary to higher executive personnel appointments, e.g., by the Governor, from public view and judicial scrutiny support the present method for certification of former Judges for further judicial service.
In the light of our determination that the certification process constitutes the inauguration of a new designation to judicial office, the claims of appellant to due process rights associated with termination of tenure or denial of continuation of service must be rejected. No property right is involved inasmuch as appellant was already retired by constitutional mandate, and there is no substance to the assertion that "stigma” attaches to the denial of certification, at least in the absence of any public disclosure of the reasons therefor. (Cf. *683 Board of Regents v Roth, 408 US 564.) Specifically, appellant was not entitled to a predetermination hearing or to any statement of the reasons for the action of the Administrative Board.
Accordingly, the order of the Appellate Division should be affirmed, without costs.

. It appears that the State Administrative Judge had made a telephone call to appellant on June 28, 1977 suggesting that appellant might expect to encounter some difficulty in obtaining certification. In view of our analysis and disposition of this appeal, neither the fact nor particulars of that conversation are material.

. In view of this holding it is unnecessary to address or comment on the broad guidelines adopted by the Administrative Board for its own use in processing applications for certification made to it. These involve internal procedures of the Administrative Board beyond the reach of judicial scrutiny.