■ JOHN C. DMOCH et al., Respondents-Appellants, v IOLAB CORP. et al., Defendants, and NEW YORK EYE AND EAR INFIRMARY et al., Appellants-Respondents. [610 NYS2d 28] —Order, Supreme Court, Queens County (Joan Marie Durante, J.), entered December 9, 1991, granting defendants' motion and cross-motion to dismiss the complaint only to the extent of

dismissing the first, second, third, fourth, fifth, sixth, eighth and ninth causes of action, unanimously affirmed, without costs.

The IAS Court properly dismissed the first, second, third, fourth and fifth causes of action, sounding in medical malpractice/negligence as time barred by the Statute of Limitations (CPLR 214, 214-a). These causes of action failed to allege any facts sufficient to estop defendants from pleading a Statute of Limitations defense (cf., Simcuski v Saeli, 44 NY2d 442, 448-449). That defendant Goldsmith allegedly informed plaintiff that all was well with respect to his left eye in which a lens had been implanted, does not suffice to create an estoppel defense (see, Roosa v Frankel, 166 AD2d 569), notwithstanding that Goldsmith participated in the clinical trial of the offending lens, and that the lens was later recalled by the Food and Drug Administration. Plaintiffs' seventh cause of action, however, set forth an action sounding in fraudulent misrepresentation on the part of defendants (see, Board of Mgrs. v Zucker, 190 AD2d 636) sufficient to sustain the action and withstand dismissal at this stage in the proceedings (see, Harkin v Culleton, 156 AD2d 19, 25, lv dismissed 76 NY2d 936). Concur —Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.