■ In the Matter of ALEX J. COLGAN, Petitioner, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Respondents. [616 NYS2d 184] —Determination of respondents Chief Administrator of the Courts of the State of New York and Administrative Judge of the Civil Court dated August 4, 1992, not to reappoint petitioner to the position of Housing Court Judge, effective September 23, 1992, confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Leland De-Grasse, J.], entered on or about October 19, 1993) dismissed, without costs.

Sullivan, J. P., and Wallach, J., concur in a memorandum by Wallach, J.; Carro and Kupferman, JJ., concur in a separate memorandum by Kupferman, J., all as follows:
Wallach, J. (concurring).

Petitioner alleges no facts showing any constitutionally protected liberty or property interest in being reappointed as a Housing Court Judge *(see, Schwartz v Mayor's Comm. on Judiciary,* 816 F2d 54 [2d Cir 1987]), and raises no claim of substance that the discretion to reappoint delegated to the Chief Administrator pursuant to NY Constitution, article VI, § 28 and CCA 110 (i) was exercised in a manner that was illegal or unconstitutional. Accordingly, the Chief Administrator's determination not to reappoint petitioner is not subject to judicial review *(see, Schwartz v Williams,* 124 AD2d 798, 799, citing, *inter alia, Matter of Marro v Bartlett,* 46 NY2d 674).
Kupferman, J. (concurring).

I cannot fault the determination of the court regarding the applicable law. However, I must state that I am perturbed by the fact that a competent, caring and concerned Spanish-

speaking jurist, approved by the Association of the Bar, has not been reappointed as a Housing Court Judge.

I suggest to the Chief Administrative Judge and his Deputy in authority that the matter be given further consideration for the next available appointment.