■ GAIL DOE, Individually and as Limited Administratrix of the Estate of WILLIAM DOE, Deceased, Appellant-Respondent, v HEMOPHILIA CENTER OF ROCHESTER, Respondent-Appellant. [668 NYS2d 965] —Cross appeal unanimously dismissed. and order

and judgment affirmed without costs. Memorandum: Plaintiff, as limited administratrix of her husband's estate and individually, commenced this action based upon decedent's death from AIDS as a result of contaminated blood products furnished by defendant in or about 1980 to treat decedent's hemophilia and based upon plaintiff herself having thereafter been infected with the HIV virus by her husband. She alleges five causes of action for medical malpractice, negligence and fraud.

Supreme Court properly granted defendant's motion dismissing the complaint. The allegations in the fraud causes of action are insufficient to meet the pleading requirements of CPLR 3016 (b). We conclude that the remaining causes of action are time-barred, whether construed as sounding in negligence (*see,* CPLR 214) or medical malpractice (*see,* CPLR 214-a). The continuous treatment doctrine is inapplicable to the facts herein (*see, Massie v Crawford,* 78 NY2d 516, 519, *rearg denied* 79 NY2d 978; *Nykorchuck v Henriques,* 78 NY2d 255; *Patterson v Minehan,* 180 AD2d 241, 242-243). Further, we reject plaintiff's contention that the doctrine of equitable estoppel applies (*see, Smith v Cutson,* 188 AD2d 1034, *lv denied* 81 NY2d 707). Lastly, we dismiss the cross appeal because defendant is not an aggrieved party (*see,* CPLR 5511; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653). (Appeals from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.