■ Frank V. Ponterio, Appellant, v Judith S. Kaye, as Chief Judge of the State of New York, et al., Respondents. [808 NYS2d 439]—

Mercure, J.P. Appeal (transferred to this Court by order of the Appellate Division, First Department) from a judgment of the Supreme Court (Friedman, J.), entered May 18, 2004 in New York County, which, inter alia, granted defendants' motion to dismiss the complaint.

Plaintiff was elected to serve as a Supreme Court Justice in the Second Judicial District for a 14-year term beginning January 1, 1997. He was initially assigned to a matrimonial part (Part 7) in Richmond County. Subsequently, a second matrimonial part was created and both parts were consolidated at one facility. Part 7 became a general civil part and plaintiff thereafter heard civil matters, as well as a limited number of matrimonial cases.

Plaintiff alleges that this reassignment to a civil part stemmed

not from the needs of judicial reorganization but from an accusation that he demonstrated a bias against female litigants. He maintains that after he protested his reassignment, defendant Chief Administrative Judge Jonathan Lippman indicated through an intermediary that plaintiff's opportunity to be certified beyond the mandatory age of retirement would be in jeopardy if he resisted reassignment. He nevertheless concedes that Judge Lippman and defendant Chief Judge Judith S. Kaye reassured him directly that his reassignment was made in the ordinary course of judicial reorganization and that there would be no future adverse consequences as a result of his resisting reassignment.

Plaintiff reached the mandatory retirement age in 2001 and, after applying to respondent Administrative Board of the Courts, he was certified to act as a retired Justice of the Supreme Court for a two-year period beginning on January 1, 2002. The Administrative Board, however, declined to approve plaintiff's application for recertification in 2003 for a second two-year period, in accordance with the recommendation of the Richmond County Bar Association. Plaintiff then commenced this action, alleging (1) employment discrimination in violation of Executive Law § 296, (2) intentional misrepresentation, (3) breach of fiduciary duty and (4) unlawful retaliation. Plaintiff sought damages, as well as an order annulling the Administrative Board's decision and directing his recertification.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and to change venue from Richmond County to New York County. Prior to the motion's return date, the Deputy Chief Administrative Judge of the New York City Courts, Joan B. Carey, issued an administrative transfer order sua sponte, transferring venue to New York County. Plaintiff then cross-moved for an order, among other things, transferring venue back to Richmond County and assigning the matter to a panel of three referees. Supreme Court granted defendants' motion to the extent of dismissing the complaint in its entirety and denied plaintiff's cross motion. Plaintiff appeals and we now affirm.

Initially, we note that although plaintiff styles this action as a claim of employment discrimination arising out of his reassignment, the gravamen of his complaint is a challenge to the Administrative Board's decision to deny him recertification, a determination which he seeks to have annulled. As defendants assert, such a challenge is redressable only in a CPLR article 78 proceeding, subject to the standard of review set forth in *Matter of Marro v Bartlett* (46 NY2d 674 [1979]). In *Marro*, the Court of Appeals stated that "the Administrative Board . . . ha[s]

very nearly unfettered discretion in determining whether to grant applications of former Judges for certification, a discretion which [is] not subject to judicial review in the absence of claims of substance that there ha[s] been [a] violation of statutory proscription or promotion of a constitutionally impermissible purpose, unrelated to the certification process" (*id.* at 681-682). Apart from his claim of unlawful retaliation (*see* Executive Law § 296 [1] [a], [e]), plaintiff fails to assert a violation of statutory proscription or promotion of a constitutionally impermissible purpose unrelated to the certification process. Moreover, to the extent that plaintiff alleges employment discrimination and intentional misrepresentation in connection with his reassignment, his claims are either barred by the statute of limitations or were properly dismissed by Supreme Court for failure to state a cause of action, as explained below.

Turning first to plaintiff's intertwined employment discrimination and intentional misrepresentation claims, his allegations arise out of his 1998 reassignment. Plaintiff asserts that because Judges Kaye and Lippman (hereinafter collectively referred to as defendants) "intentionally misrepresented" that his 1998 judicial reassignment was made in the ordinary course and not as a result of accusations of bias, he refrained from commencing suit on employment discrimination and defamation claims. Inasmuch as this action was commenced in 2003, after the applicable three-year statute of limitations had expired (*see* CPLR 214 [2]), his employment discrimination claim is time-barred. While plaintiff contends that defendants should be estopped from asserting the statute of limitations as a defense due to the claimed intentional misrepresentation, his allegations, even if true, would not establish the required showing that he reasonably relied on the alleged misrepresentation in failing to commence suit (*see Par Fait Originals v ADT Sec. Sys., Northeast,* 184 AD2d 472, 472 [1992]; *see also Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57 [1999]). A mere denial of wrongdoing—i.e., defendants' assurances that plaintiff's reassignment was not made as a result of accusations of bias—is not sufficient to create an estoppel (*see Dmoch v Iolab Corp.,* 203 AD2d 59, 60 [1994]).

Moreover, plaintiff fails to aver any facts indicating that defendants' statements were actually false and, thus, his allegations of intentional misrepresentation—to the extent that they constitute a separate cause of action—do not meet the pleading requirements of CPLR 3016 (b) (*see Franklin v Winard,* 199 AD2d 220, 220-221 [1993]; *see also Doe v Hemophilia Ctr. of Rochester,* 244 AD2d 853, 854 [1997], *lv denied* 91 NY2d 813

[1998]). Similarly, even if we were to consider plaintiff's untimely employment discrimination claim and to assume that he is an employee entitled to the protection of the statute, we would conclude that he failed to state a cause of action inasmuch as he has not demonstrated any adverse employment action concerning the "terms, conditions or privileges" of his employment (Executive Law § 296 [1] [a]). His reassignment from a matrimonial part to a civil part, which did not involve a demotion, decrease in salary, loss of privilege, diminution of responsibilities or loss of benefits, did not constitute an adverse employment action (*see e.g. Forrest v Jewish Guild for Blind*, 3 NY3d 295, 306 [2004]; *Galabya v New York City Bd. of Educ.*, 202 F3d 636, 640-641 [2000]).

Plaintiff's breach of fiduciary duty cause of action is based upon his claim that defendants' assurances that he would not suffer any adverse consequences for resisting reassignment created a fiduciary relationship. He alleges that this relationship was breached when defendants allegedly influenced the Administrative Board to deny recertification. Because this claim is directed primarily at the Board's determination not to recertify plaintiff and it does not allege a "violation of [a] statutory proscription or promotion of a constitutionally impermissible purpose," the claim must fail (*Matter of Marro v Bartlett*, 46 NY2d 674, 681-682 [1979], *supra*).

Finally, we agree with Supreme Court that plaintiff has failed to state a cause of action for retaliation in connection with the Administrative Board's refusal to recertify him. Although his retaliation claim does allege a violation of a statutory proscription cognizable under *Matter of Marro v Bartlett* (*supra* at 681-682), he cannot establish that there was a causal connection between the alleged protected activity—his complaint of sex discrimination in connection with his reassignment—and the denial of his application for recertification. As relevant here, Executive Law § 296 (1) (e) forbids "any employer, labor organization or employment agency to . . . discriminate against any person because he or she has opposed any practices forbidden under" Executive Law article 15. Not only was there a five-year delay between plaintiff's complaint and the denial of his application for recertification in 2003, but in the interim, the Administrative Board granted plaintiff's initial application for certification in 2001. In declining to recertify plaintiff in 2003, the Administrative Board evidently relied in part on the recommendation of the Richmond County Bar Association that plaintiff's application be denied. Accordingly, and again assuming without deciding that plaintiff was an employee entitled to

protection within the meaning of the statute, we conclude that plaintiff has failed to establish a prima facie case of unlawful retaliation and his claim was properly dismissed (*see Kline v Town of Guilderland*, 289 AD2d 741, 743 [2001]; *Pace v Ogden Servs. Corp.*, 257 AD2d 101, 105-106 [1999]).

Plaintiff's remaining arguments, including his assertions that Judge Carey acted outside of her authority in transferring venue from Richmond County to New York County and that this action should have been referred to a panel of referees to determine the case, have been considered and found to be lacking in merit (*see* 22 NYCRR 202.3 [c] [5]; CPLR 4317 [b]; Siegel, NY Practice § 379, at 642-643 [4th ed]).

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.