■ WARREN ROBARE, Appellant, v FORTUNE BRANDS, INC., Formerly Known as AMERICAN BRANDS, INC., et al., Respondents. [833 NYS2d 753]—

Mugglin, J. Appeal from an order of the Supreme Court (Ryan, J.), entered January 30, 2006 in Clinton County, which granted defendants' motions for summary judgment dismissing the complaint.

The dispositive issue on this appeal is whether the doctrine of equitable estoppel prevents defendants from asserting the three-year statute of limitations as a defense to plaintiff's numerous causes of action which, in various forms, assert liability for plaintiff having contracted cancer of the throat and tongue as a

result of smoking defendants' cigarettes from 1961—when he was about 10 years of age—to 1991, when he was first diagnosed with and operated on for throat cancer. Supreme Court, finding all causes of action barred by the statute of limitations, granted defendants' motions for summary judgment and plaintiff appeals.

We affirm. The doctrine of equitable estoppel will prohibit the defendant from raising a statute of limitations defense " 'where [the] plaintiff was induced by [the defendant's] fraud, misrepresentations or deception to refrain from filing a timely action' [and] the plaintiff . . . reasonabl[y] reli[ed] on the defendant's misrepresentations" (*Zumpano v Quinn*, 6 NY3d 666, 674 [2006], quoting *Simcuski v Saeli*, 44 NY2d 442, 449 [1978]; *accord Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 794 [2005], *lv denied* 6 NY3d 707 [2006]; *see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552 [2006]; *Ponterio v Kaye*, 25 AD3d 865, 868 [2006], *lv denied* 6 NY3d 714 [2006]). To invoke equitable estoppel, the plaintiff has "to establish that subsequent and specific actions by [the] defendant[ ] somehow kept [him or her] from timely bringing suit" (*Zumpano v Quinn, supra* at 674; *accord Putter v North Shore Univ. Hosp., supra* at 552; *see Doe v Holy See [State of Vatican City], supra* at 794). Notably, "equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of [the] plaintiff's underlying substantive cause[s] of action" (*Kaufman v Cohen*, 307 AD2d 113, 122 [2003]; *accord Lucas-Plaza Hous. Dev. Corp. v Corey*, 23 AD3d 217, 218 [2005]; *see Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz*, 32 AD3d 710, 714 [2006], *lvs dismissed* 7 NY3d 922 [2006]; *see also Rizk v Cohen*, 73 NY2d 98, 105-106 [1989]).

Significantly, the defendant's "mere denial of wrongdoing . . . is not sufficient to create an estoppel" (*Ponterio v Kaye, supra* at 868; *see Doe v Holy See [State of Vatican City], supra* at 795) because the defendant "is not legally oblig[ated] to make a public confession, or to alert people who may have claims against it[ ] to get the benefit of a statute of limitations" (*Zumpano v Quinn, supra* at 675). However, "concealment without actual misrepresentation may form the basis for invocation of the doctrine if 'there was a fiduciary relationship which gave [the] defendant an obligation to inform [the] plaintiff of facts underlying the claim' " (*Doe v Holy See [State of Vatican City], supra* at 795, quoting *Jordan v Ford Motor Co.*, 73 AD2d 422, 424 [1980]). A fiduciary relationship exists when " 'one party reposes confidence in another and reasonably relies on

the other's superior expertise or knowledge' " (*Doe v Holy See [State of Vatican City], supra* at 795, quoting *WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]). More importantly, "[w]here, as here, a . . . plaintiff seeks to establish the existence of a fiduciary relationship with . . . institutional . . . defendant[s], the plaintiff may not merely rely on the [defendants'] status in general, but must come forward with facts demonstrating that his or her relationship with the institution[s] was somehow unique or distinct from the institution[s'] relationship with other[s] . . . generally" (*Doe v Holy See [State of Vatican City], supra* at 795).

Here, the record establishes that plaintiff quit smoking on May 13, 1991, the day of his throat surgery, because he realized he was addicted to cigarettes and he knew they were generally harmful to his health. Notably, prior to June 3, 1991, he asked his doctor to write a letter about the relationship between smoking and his cancer in an attempt to collect Social Security benefits. Next, in mid-April 1994, plaintiff read a newspaper article—or saw a television program—concerning the testimony of several cigarette company executives, before a Congressional committee, that cigarette smoking was not addictive. Then, in March 1997, plaintiff read a newspaper account of the settlement of numerous claims by one of the defendants which suggested that cigarette company executives had lied about the addictive nature of cigarettes. On August 15, 1997, in conjunction with others, plaintiff sued defendants in Queens County. His action was subsequently severed and venue was transferred to Clinton County.

On these facts, we are unpersuaded by plaintiff's equitable estoppel arguments. First, he had "timely awareness of the facts requiring him to make further inquiry before the statute of limitations [period] expired" (*Putter v North Shore Univ. Hosp., supra* at 553-554) at least by the date of his surgery, May 13, 1991. Next, he cannot successfully argue reliance on the April 1994 article in light of his admission that he knew his cancer was caused by smoking cigarettes long before he read the article. Nor is he aided by defendants' representatives testifying before a Congressional committee because that testimony constituted mere denials of wrongdoing. Lastly, plaintiff has not demonstrated the existence of any fiduciary relationship with defendants that differs in kind or degree from defendants' relationship with others generally. Plaintiff's remaining arguments are either unpreserved or similarly lacking in merit.

Mercure, J.P., Peters and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.