SUMMARY ORDER
Plaintiff-appellant Frank V. Ponterio, a retired New York State Supreme Court Justice, appeals from a judgment dismissing his § 1983 action against the Chief Judge of the New York Court of Appeals, the Presiding Justices of the four Appellate Divisions, and the Administrative Board of the New York Courts for (1) retaliation, (2) denial of access to the courts, and (3) denial of equal protection of the law, all in violation of his rights under the Constitution of the United States. He also appeals from an order denying his motion for reconsideration of the District Court’s decision to dismiss his claims for retaliation and denial of access to the courts. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Ponterio argues that he was authorized pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file an amended complaint without first seeking leave of the District Court. For the purposes of this order, we assume that Ponterio is correct and that the relevant complaint under consideration is the Amended Complaint filed on May 7, 2007.
With respect to Ponterio’s argument that defendants violated his right of access to the courts by failing to explain their denial of his application for re-certification, we agree with the District Court’s conclusion that “Ponterio attempts to dress up a garden-variety procedural due process claim in ‘denial of access’ clothing.” Ponterio v. Kaye, No. 06 Civ. 6289, 2007 U.S. Dist. LEXIS 25165, at *8, 2007 WL 1029901, at *2 (S.D.N.Y. Apr. 5, 2007). We have previously held that state judges have neither a property interest nor a liberty interest in a discretionary reappointment to the bench, and reappointment is therefore not governed by the procedural due process protections of the Fourteenth Amendment. Schwartz v. Mayor’s Comm. on Judiciary, 816 F.2d 54, 56-57 (2d Cir.1987). We have also held that a denial of access claim cannot be based only on the non-disclosure of information that defendants were under no obligation to provide. See Whalen v. County of Fulton, 126 F.3d 400, 408 (2d Cir.1997) (“There being no duty [on the part of defendants] to facilitate visits and contacts ..., [plaintiffs] have failed to state a claim based on any alleged ‘cover up’ designed to delay or forestall efforts to visit.”). In the case of Ponterio, he is not entitled under New York state law to an explanation for the denial of his application for re-certification. See Marro v. Bartlett, 46 N.Y.2d 674, 683, 416 N.Y.S.2d 212, 389 N.E.2d 808 (1979) (holding that judge denied certification “was not entitled to ... any statement of the reasons for the action of the Administrative Board”). Accordingly, Ponterio has failed to state a claim for denial of access to the courts under our precedents.
Because we reject Ponterio’s denial of access claim, we see no merit in his argument that he was denied a full and fair opportunity to litigate his retaliation claim in state court. We therefore agree with the District Court that Ponterio’s retaliation claim is barred by res judicata. See Ponterio v. Kaye, No. 06 Civ. 6289, 2007 U.S. Dist. LEXIS 4105, at *22-*24, 2007 WL 141053, at *6-*7 (S.D.N.Y. Jan. 22, 2007).
Ponterio has also failed to state a class-of-one equal protection claim in light of the Supreme Court’s decision in Engquist v. Oregon Department of Agriculture that “the class-of-one theory of *673 equal protection does not apply in the public employment context.” — U.S. -, -, 128 S.Ct. 2146, 2151, 170 L.Ed.2d 975 (2008); see also Appel v. Spiridon, 531 F.3d 138, 141 (2d Cir.2008). As the Supreme Court explained, “[i]n such cases the rule that people should be ‘treated alike, under like circumstances and conditions’ is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.” Engquist, 128 S.Ct. at 2154. In light of the “very nearly unfettered discretion” of defendants in determining whether to grant or deny the applications for certification of retired state judges, Marro, 46 N.Y.2d at 681, 416 N.Y.S.2d 212, 389 N.E.2d 808, we conclude that Engquist bars Ponterio’s equal protection claim in this action. Because Ponterio has failed to state an equal protection claim, we also reject his argument that the District Court denied him meaningful discovery on that claim.
Having concluded that Ponterio has failed to state claims for (1) retaliation, (2) denial of access to the courts, and (3) denial of equal protection of the law, we need not consider whether defendants are entitled to qualified immunity from this action.
Finally, insofar as Ponterio challenges the District Court’s denial of his motion for reconsideration, see Ponterio, 2007 U.S. Dist. LEXIS 25165, 2007 WL 1029901, we perceive no abuse of discretion in the District Court’s decision to deny that motion.
Having considered all of appellant’s arguments on appeal and finding all of them to lack merit, we AFFIRM the judgment and order of the District Court.