■ In the Matter of BISILOLA JACKSON, as Administratrix of the Estate of JERELENE GIWA, Deceased, et al., Petitioners, v BUFFALO MUNICIPAL HOUSING AUTHORITY, Respondent. NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [916 NYS2d 437]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frank A. Sedita, Jr., J.], entered August 2, 2010) to review a determination of respondent New York State Division of Human Rights. The determination, among other things, found that respondent Buffalo Municipal Housing Authority did not engage in unlawful discriminatory practices against petitioners.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing the complaints of decedent Jerelene Giwa and petitioner Madrene Kemp. Giwa and Kemp, who are African-American, alleged that respondent Buffalo Municipal Housing Authority (BMHA) engaged in unlawful employment discrimination. We conclude that substantial evidence supports SDHR's determination that petitioners failed to establish a prima facie case of unlawful employment discrimination based on race (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Petitioners failed to establish that the layoffs of Giwa and Kemp from their positions as case managers with BMHA "occurred under circumstances giving rise to an inference of discriminatory motive" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004]). The retention by BMHA of a caucasian registered nurse, an independent contractor who provided services to BMHA's elderly tenants, does not give rise to such an inference. The education, qualifications, duties and employment status of the nurse bore little resemblance to those of Giwa and Kemp, and thus the retention of the nurse does not support a determination that Giwa and Kemp were "treated less favorably than a similarly situated employee outside [their] protected group" (*Castro v New York Univ.*, 5 AD3d 135, 136 [2004]).

Substantial evidence also supports SDHR's determination dismissing the complaint of Giwa insofar as it alleged unlawful discrimination based upon disability. Petitioners failed to demonstrate "that [Giwa] requested and was refused reasonable accommodations" (*Pimentel v Citibank, N.A.*, 29 AD3d 141, 146, [2006], *lv denied* 7 NY3d 707; *see Pembroke v New York State Off. of Ct. Admin.*, 306 AD2d 185 [2003]). Present—Scudder, P.J., Smith, Lindley, Green and Martoche, JJ.