*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 18, 2015                          519568
_____

In the Matter of GERALD E.
    LOEHR et al.,
                        Appellants,

        v
                                                OPINION AND ORDER

ADMINISTRATIVE BOARD OF THE
    COURTS OF THE STATE OF NEW
    YORK,
                        Respondent.
_____

Calendar Date:   February 11, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains
(Robert A. Spolzino of counsel), for appellants.

        John W. McConnell, Office of Court Administration, New York
City (John J. Sullivan, Albany, of counsel), for respondent.

_____

Clark, J.

        Appeal from an order and judgment of the Supreme Court
(Connolly, J.), entered May 12, 2014 in Albany County, which, in
a combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, granted respondent's motion to dismiss the
amended petition/complaint.

        Petitioners are justices of the Supreme Court, each having
earned a substantial record of public service prior to election
to that office.  Upon reaching the age of 70, and in accordance
with NY Constitution, article VI, § 25 (b) and Judiciary Law
§ 115, petitioners applied to be certificated to continue their

services on the Supreme Court bench.  In October 2013, conforming to an administrative order signed by the Chief Administrative Judge, respondent adopted a new policy that "no judge henceforth certificated for service as a Justice of the Supreme Court pursuant to Judiciary Law § 115 may receive, concurrent with receipt of a salary for such service, a retirement allowance for prior judicial service within the Unified Court System." Presently, and at issue here, petitioners are eligible to receive pension benefits based, at least in part, on prior judicial service within the Unified Court System.  In December 2013, petitioners were informed of their need to comply with the new policy and that approval for certification would therefore be conditioned on such compliance.  Petitioners thereafter commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that respondent's policy that certificated justices not receive such pension benefits during their employment was illegal, a ruling annulling each approval of petitioners' recertification contingent upon suspension of such pensions during their employment and a declaration that each petitioner is certificated not subject to such policy.  After answering, respondent moved to dismiss the amended petition for failure to state a cause of action.  Supreme Court granted respondent's motion, declared the policy to be neither illegal nor unconstitutional, and dismissed petitioners' amended petition.  Petitioners now appeal.  We reverse and declare that respondent's policy violates Retirement and Social Security Law § 212, Judiciary Law § 115 (3) and NY Constitution, article V, § 7.

It is well settled that, because "the text of a statute is the best evidence of legislative intent" (Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94 [2014]), "where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Commonwealth of N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60, [2013] [internal quotation marks, brackets and citation omitted]; see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]; Bender v Jamaica Hosp., 40 NY2d 560, 561 [1976]).  As is pertinent here, Retirement and Social Security Law § 212 (1) generally provides that, subject to certain earnings limitations,

"any retired person may continue as retired and, without loss, suspension or diminution of his or her retirement allowance, earn [an amount not greater than statutorily prescribed] in a position or positions in public service." That same provision provides that "there shall be no earning limitations under the provisions of [Retirement and Social Security Law § 212] on or after the calendar year in which any retired person attains age [65]" (Retirement and Social Security Law § 212 [1]; see Retirement and Social Security Law § 210 [a], [e]).

Considering this statutory framework, as a matter of law, the statute preempts respondent's ability to implement a policy such as the one at issue here. The language of Retirement and Social Security Law § 212 explicitly allows New York public employees — including justices of the Supreme Court — to retire in place and continue to work while collecting their state pension. Respondent's argument that section 212 (1) implicitly permits state employers — and respondent here — to require employees to bargain away their legal right to the continued receipt of retirement benefits is unpersuasive. On the contrary, the plain language of section 212 (1) grants this right to public employees without mention of employers or an employer's discretion to condition recertification upon suspension of a statutory right[1] (compare Retirement and Social Security Law § 211 [2] [a]).

Even if it were ambiguous as to whether the statute grants such rights to employees or employers, which it is not, respondent's position remains unsupported by the relevant legislative history. Specifically, respondent's contention that employers are allowed to require suspension of pension rights is irreconcilable with the legislative goal in amending the statute to make it "easier for pensioners to supplement their income" (Senate Introducer Mem in Support, Bill Jacket, L 1964, ch 803). Thus, the history of Retirement and Social Security Law § 212

---

[1] Employer discretion was previously included in Retirement and Social Security Law § 101. However, section 101 has been effectively superceded by Retirement and Social Security Law § 212.

supports the conclusion that the Legislature intended to give such a right to public employees, not subject to diminishment based on an employer's interests. Therefore, considering the plain language of the statute and its legislative history, Retirement and Social Security Law § 212 was intended to give certain pension rights to public employees, and those rights are not subject to their employer's preferences.

Furthermore, respondent's policy runs afoul of the statute inasmuch as it treats certificated justices of the Supreme Court differently and has effectively created two classes of justices — those who can receive either private retirement benefits or solely nonjudicial public service retirement benefits and those who are eligible for judicial public service retirement benefits but are not allowed to receive them. While Judiciary Law § 115 provides respondent with its power in regard to certification, it does not empower respondent to make a certificated judgeship a lesser class of employment than a noncertificated judgeship. As prescribed by statute, a certificated judge is "a justice of the [S]upreme [C]ourt in the district in which he [or she] resides" for purposes that include "salary" and "rights" (Judiciary Law § 115 [3]; see NY Const, art VI, § 25 [b]).

Respondent relies on Matter of Marro v Bartlett (46 NY2d 674 [1979]) to support its contention that it maintains broad discretion when making a certification eligibility decision. However, Marro is easily distinguishable from the instant case inasmuch as it pertains to an individual determination regarding one particular judge's certification and does not deal with a statewide policy directive. While we can agree that Marro allows for unfettered discretion in respondent's individual certification decisions, it does not authorize respondent to change the requirements for certification.[2] Simply put, respondent's act of adding a condition of recertification that is not included in the NY Constitution, the Judiciary Law or the Retirement and Social Security Law cannot be sustained.

_____

[2] Notably, petitioners were qualified for recertification but for the newly established policy restricting their right to take their pensions.

Lastly, this Court cannot discern a rational argument for the proposition that a Supreme Court justice's pension-taking falls under the category of necessity when determining a justice's eligibility for certification (see NY Const, art VI, § 25 [b]; Matter of Marro v Bartlett, 46 NY2d at 678). Specifically, the Court of Appeals has explained that certification is based upon necessity and physical and mental fitness and defines necessity as "a need for additional judicial manpower and [an] individual applicant [who] can meet this need at least in part" (Matter of Marro v Bartlett, 46 NY2d at 680). Respondent's reasoning that so-called "double-dipping" within the court system created a problem with the public and the other branches of government does not equate to either of the prongs in the two-prong test for necessity.

Accordingly, we reverse the order and judgment of the Supreme Court and hereby declare that respondent's policy is illegal and contrary to law. In light of the foregoing, petitioners' remaining arguments have been rendered academic and we, therefore, decline to address them.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the order and judgment is reversed, on the law, without costs, motion denied, amended petition granted, and it is declared that respondent's policy that certificated justices of the Supreme Court not receive pension benefits during such employment violates NY Constitution, article V, § 7, Judiciary Law § 115 (3) and Retirement and Social Security Law § 212.


ENTER:

Robert D. Mayberger
Clerk of the Court