# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

356

TP 15-01013

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF KATHLEEN M. GORDON, PETITIONER,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION AND NEW YORK STATE DIVISION
OF HUMAN RIGHTS, RESPONDENTS.

---

KATHLEEN M. GORDON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX, FOR RESPONDENT NEW YORK
STATE DIVISION OF HUMAN RIGHTS.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [James P. Punch, A.J.], dated June 4, 2015) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint of petitioner alleging unlawful discrimination and a hostile work environment.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR), after a hearing, dismissing her complaint alleging unlawful discrimination and a hostile work environment. Petitioner is a correction officer with respondent New York State Department of Corrections and Community Supervision (DOCCS). We conclude that SDHR's determination is supported by substantial evidence and thus must be confirmed (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106). "To establish a prima facie case of employment discrimination, petitioner was required to demonstrate that she was a member of a protected class, that she was qualified for her position, that she was terminated from employment or suffered another adverse employment action, and that the termination or other adverse action 'occurred under circumstances giving rise to an inference of discriminatory motive' " (*Matter of Lyons v New York State Div. of*

*Human Rights*, 79 AD3d 1826, 1827, *lv denied* 17 NY3d 707, quoting *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306). Here, SDHR's determination that petitioner was not subjected to adverse employment action is supported by substantial evidence. Any change in petitioner's assigned posts at the workplace did not constitute "a materially adverse change in the terms and conditions of employment" (*Forrest*, 3 NY3d at 306; *see Ponterio v Kaye*, 25 AD3d 865, 869, *lv denied* 6 NY3d 714). With respect to the formal counseling that petitioner received with regard to an incident, petitioner admitted that it did not constitute a form of discipline. In any event, petitioner failed to demonstrate that any allegedly adverse employment actions "occurred under circumstances giving rise to an inference of discrimination" (*Forrest*, 3 NY3d at 308; *see Matter of Jackson v Buffalo Mun. Hous. Auth.*, 81 AD3d 1271, 1272).

We further conclude that SDHR's dismissal of petitioner's claim of a hostile work environment is supported by substantial evidence (*see Matter of Ozolins v New York State Dept. of Correctional Servs.*, 78 AD3d 1591, 1591). "Under the Human Rights Law, an 'employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it' " (*Matter of New York State Div. of Human Rights v ABS Elecs., Inc.*, 102 AD3d 967, 968, *lv denied* 24 NY3d 901, quoting *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305, *rearg denied* 65 NY2d 1054; *see Vitale v Rosina Food Prods.*, 283 AD2d 141, 143). Here, petitioner failed to establish that DOCCS became a party to any discriminatory act. Rather, the record establishes that DOCCS "reasonably investigated complaints of discriminatory conduct and took corrective action" (*Vitale*, 283 AD2d at 143).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                   Clerk of the Court