*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    520956
_____

In the Matter of the Claim of
    JASMINE E. LOGAN,
                    Respondent,

         v

NEW YORK CITY HEALTH &
    HOSPITAL CORP.,                    MEMORANDUM AND ORDER
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

                    _____

        Zachary W. Carter, Corporation Counsel, New York City (Paul
M. Zaragoza of counsel), for appellant.

        Grey & Grey, Farmingdale (Kevin M. Plante of counsel), for
Jasmine E. Logan, respondent.

        Eric T. Schneiderman, Attorney General, Albany (Marjorie S.
Leff of counsel), for Workers' Compensation Board, respondent.

                    _____

McCarthy, J.

        Appeals (1) from a decision of the full Workers'
Compensation Board, filed June 26, 2014, which, among other
things, ruled that claimant was excused from providing timely
written notice pursuant to Workers' Compensation Law § 18, and
(2) from a decision of a panel of the Workers' Compensation
Board, filed April 13, 2015, which, among other things, ruled

that claimant sustained causally related injuries to her right knee, neck, back and bilateral shoulders.

Claimant, a medical surgery technician, slipped on a wet floor while performing her job duties on November 25, 2010. At the time of the incident, she reported the fall and an injury to her left knee and the self-insured employer acknowledged the same. In September 2011, she filed a C-3 claim indicating that, as a result of the November 25, 2010 incident, she had "neck pain—twisted arm and leg—swelling knee, shoulder pain—headache." The self-insured employer objected insofar as the claim included injuries other than to claimant's left knee. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the self-insured employer had not been given notice of the additional injury sites in accordance with Workers' Compensation Law § 18 and disallowed the claim with respect to injuries to claimant's right knee, neck, back and bilateral shoulders. Upon review, a panel of the Workers' Compensation Board disagreed and found that the notice provisions of Workers' Compensation Law § 18 did not preclude the claim for additional injury sites. With one Board panel member dissenting on a different ground, the self-insured employer requested mandatory full Board review of this decision. Upon such review, the full Board excused claimant's failure to comply with the notice requirements of Workers' Compensation Law § 18 and modified the WCLJ's decision to the extent of rescinding the disallowance of the claim for injuries to claimant's right knee, neck, back and bilateral shoulders.

In the meantime, based upon the Board panel's ruling that Workers' Compensation Law § 18 did not bar the claim for additional injury sites and, following a further hearing, a WCLJ amended the claim to include injuries to claimant's right knee, neck, back and bilateral shoulders. The self-insured employer requested review, raising, among other things, the notice issue, and the Board panel affirmed the WCLJ's decision. The self-insured employer now appeals from this decision, as well as from the full Board's decision excusing claimant's failure to file timely notice pursuant to Workers' Compensation Law § 18.

     Workers' Compensation Law § 18 provides, in relevant part, that written "[n]otice of an injury . . . for which compensation is payable . . . shall be given to the employer within thirty days after the accident causing the injury."  The same provision also provides that the Board may excuse late notice upon certain grounds, including "that the employer, or his or its agents . . . had knowledge of the accident."  Here, the self-insured employer was provided with notice of the accident and claimant's resulting left knee injury within the statutory 30-day period, but was unaware of claimant's other injuries until nearly a year later when she filed her C-3 claim.  The self-insured employer contends that this Court should construe the statutory phrase "had knowledge of the accident" to mean "had knowledge of the injury," and, as a result, conclude that claimant's late notice for the additional injuries is inexcusable pursuant to Workers' Compensation Law § 18.  We reject the self-insured employer's interpretation of Workers' Compensation Law § 18, as it contravenes two foundational rules of statutory construction.

     Initially, we conclude that the plain meaning of the term accident is not synonymous with the term injury.  "Where, as here, the issue is one of pure statutory construction, no deference need be accorded the Board's interpretation of the statutory framework" (Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1171 [2015] [citations omitted]; see Matter of Krausa v Totales Debevoise Corp., 84 AD3d 1545, 1546 [2011]).  Further, "[w]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013] [internal quotation marks and citations omitted]; see Matter of Loehr v Administrative Bd. of the Cts. of the State of N.Y., 130 AD3d 89, 91 [2015], lv denied 26 NY3d 1058 [2015]).  The plain meaning of the term accident is not synonymous with the term injury; as dictionary definitions make clear, the term accident pertains to an event that may cause an injury (see Merriam—Webster Online Dictionary, http://www.merriam-webster .com/dictionary/accident [accessed Mar. 25, 2016] [defining one sense of "accident" as "an unexpected and medically important bodily event especially when injurious"]; The Law Dictionary: Black's Law Dictionary Free Online Legal Dictionary 2nd Ed.,

http://thelawdictionary.org/accident/ [accessed Mar. 25, 2016] [defining "accident" as "[a]n unforeseeable and unexpected turn of events that causes loss in value, injury, and increased liabilities"]).  Accordingly, a plain language interpretation of Workers' Compensation Law § 18 suggests that the Legislature intended the Board to be able to excuse late notice when the employer, or its agent, had knowledge of the event alleged to have caused the injury.

Further, the self-insured employer's interpretation fails to take into account the fact that "injury" and "accident" are both used within the relevant statutory provision (see Workers' Compensation Law § 18).  "When different terms are used in various parts of a statute or rule, it is reasonable to assume that a distinction between them is intended" (Matter of Albano v Kirby, 36 NY2d 526, 530 [1975] [citations omitted]; see Childs v Bane, 194 AD2d 221, 228 [1993], appeal dismissed 83 NY2d 846 [1994], lv denied 83 NY2d 760 [1994]).  Here, the Legislature established that the general rule of notice is satisfied by notice of the "injury or death," but that inadequate notice in this regard may be excused by the employer's knowledge of the "accident or death" (Workers' Compensation Law § 18).  Accordingly, we treat the Legislature's distinct use of both the terms "injury" and "accident" – within a few lines of one another and in the same provision – as indicating a separate meaning for each term.  Therefore, we conclude that the requirement of an employer's knowledge of the accident, for the purposes of Workers' Compensation Law § 18, is not a requirement of the employer's knowledge of each alleged injury.  The self-insured employer's remaining contentions are without merit.[1]

_____

[1]  We reject the self-insured employer's contention that, because we have noted in particular cases that an employer's knowledge of an injury gave rise to excusable late notice, we have concluded that such excuse requires knowledge of particular injuries.  Although we have reasonably concluded in past cases that notice of an injury was sufficient to provide notice of an accident (see e.g. Matter of Coble v Remington Rand, 7 AD2d 676, 677 [1958]), this does not logically support the conclusion that we have found knowledge of particular injuries to be necessary.

Lahtinen, J.P., Garry, Rose and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

Further, this Court has affirmed cases in which the Board excused late notice based on knowledge of an accident, and we have done so without mentioning an employer's knowledge of particular injuries (see e.g. Matter of Brown v Grandview Florist, 124 AD2d 313, 313-314 [1986]).