Harbinger Capital Partners II, LP v Apollo Global Mgt., LLC (2025 NY Slip Op 01573)

Harbinger Capital Partners II, LP v Apollo Global Mgt., LLC

2025 NY Slip Op 01573

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 652342/20|Appeal No. 3904-3905-3906|Case No. 2023-03932, 2023-04134, 2023-04135|

[*1]Harbinger Capital Partners II, LP, et al., Plaintiffs-Appellants,
v
Apollo Global Management, LLC, et al., Defendants-Respondents, Columbia Capital LLC, Defendant.

Kasowitz Benson Torres LLP, New York (Marc E. Kasowitz of counsel), for appellants.
O'Melveny & Myers LLP, New York (Jonathan Rosenberg of counsel), for Apollo Global Management, LLC, Apollo Investment Fund IV, L.P. and Apollo Overseas Partners IV, L.P., respondents.
Walden Macht & Haran LLP, New York (Milton L. Williams Jr. of counsel), for CCTV One Four Holdings, LLC and Rajendra Singh, respondents.

Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered August 9, 2023, dismissing the complaint against defendants Apollo Global Management, Inc., f/k/a Apollo Global Management, LLC, Apollo Investment Fund IV, L.P., Apollo Overseas Partners IV, L.P., AIF IV/RRRR LLC, AP/RM Acquisition LLC, and ST/RRRR LLC (collectively, Apollo), Andrew Africk, Marc Rowan, Michael Gross, Michael D. Weiner, Aaron J. Stone, and Jeffrey A. Leddy (the Directors), Alexander Good and Randy Segal (the Executives), CCTV One Four Holdings, LLC, and Rajendra Singh, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered May 24, 2023, and amended order, same court and Justice, entered June 14, 2023, which granted Apollo, the Directors, and the Executives (together, the Apollo defendants)'s motion to dismiss the claims against them pursuant to CPLR 3211(a)(1) and (5) and CCTV and Singh's motion to dismiss the claims against them pursuant to CPLR 3211(a)(5), (7), and (8), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In support of their motion to dismiss, the Apollo defendants submitted the affirmation of their counsel, attaching emails between Good and nonparty Philip Falcone (plaintiffs' founder and managing partner). In opposition, plaintiffs did not argue that the attorney affirmation insufficiently authenticated the emails. If they had done so, the Apollo defendants could have submitted an affidavit from Good in reply. Therefore, plaintiffs may not now argue that the attorney affirmation failed to authenticate the emails (cf. Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
The motion court properly dismissed plaintiffs' causes of action for fraud, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, and unjust enrichment as time-barred. The claims were not asserted within six years of their accrual between 2004 and 2010 when plaintiffs acquired the Apollo Funds' interest in Sky Terra. Nor were they asserted within two years of the time when plaintiffs could with reasonable diligence have discovered the alleged misconduct (see generally CPLR 213[8]; Aozora Bank, Ltd. v Credit Suisse Group, 144 AD3d 437, 438-439 [1st Dept 2016]).
The Apollo defendants demonstrated prima facie that plaintiffs were on inquiry notice of the fraud claims by late 2011, which was more than two years before plaintiffs commenced this action. Plaintiffs also did not meet their burden of showing that, even if they had exercised reasonable diligence, they could not have discovered the basis for their claims within two years of the emails between Good and Falcone (see e.g. Epiphany Community Nursery School v Levey, 171 AD3d 1, 7 [1st Dept 2019]; Aozora, 144 AD3d at 438). Plaintiffs concede that they discovered the paper file at the USPTO within approximately one-half year of LightSquared's settlement[*2]. However, they offer no real "explanation why [they] could not have performed that investigation earlier" (Aozora, 144 AD3d at 440; see also Aozora Bank, Ltd. v Deutsche Bank Sec. Inc., 137 AD3d 685, 690 [1st Dept 2016]; cf. Sargiss v Magarelli, 12 NY3d 527, 532 [2009]).
Similarly, the second and fourth causes of action were properly dismissed. A "claim for conspiracy to commit fraud . . . is not an independent cause of action in New York" (Boesky v Levine, 193 AD3d 403, 405 [1st Dept 2021]; see also Troy-McKoy v Mount Sinai Beth Israel, 182 AD3d 524, 525 [1st Dept 2020], lv denied 35 NY3d 914 [2020], cert denied __ US __, 141 S Ct 2527 [2021]).
Equitable estoppel does not save plaintiffs' contract and unjust enrichment claims. "Courts . . . have the power to apply the extraordinary remedy of equitable estoppel only where it would be unjust to permit a defendant to assert a statute of limitations defense" (MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 116-117 [1st Dept 2017] [internal quotation marks omitted], lv denied 29 NY3d 919 [2017]).
"Where the same alleged wrongdoing that underlies plaintiffs' equitable estoppel argument is also the basis of their tort claims, equitable estoppel will not lie" (Sabourin v Chodos, 194 AD3d 660, 662 [1st Dept 2021]). Plaintiffs contend that defendants are estopped from asserting the statute of limitations because "Apollo-controlled MSV made numerous filings with the FCC denying that the GPS Defect posed any problem to its planned ATC Network" and "Management concealed the test results." However, that is the same wrongdoing that underlies plaintiffs' tort claims.
"Good emphatically reassured [plaintiffs] that no fraud had occurred." However, "[a] mere denial of wrongdoing . . . is not sufficient to create an estoppel" (Ponterio v Kaye, 25 AD3d 865, 868 [3d Dept 2006], lv denied 6 NY3d 714 [2006]). Finally (on this point), plaintiffs do not argue that CCTV and Singh — as opposed to the Apollo defendants — induced them by fraud to refrain from filing a timely unjust enrichment claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025